IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS N. PITTS, #65755-060, <br><br>    Plaintiff, <br><br>v. <br><br>KATHY HILL, DAN SPROUL, J. LECLAIR, C. DAVIS, S. WALLACE, G. CRAWFORD, BARBARA VON BLANCKENSEE, AMBER NELSON, B. PATTIOS, MARY NOLAND, RICHARD M. WINTER, KATHERINE SIEREVELD, and TRACY KNUTSON, <br><br>    Defendants. | Case No. 22-cv-00055-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Demetrius Pitts is an inmate in the custody of the Federal Bureau of Prisons and currently being held at the United States Penitentiary in Marion, Illinois ("USP Marion"). He filed a Complaint in the First Judicial Circuit, Williamson County, in the State of Illinois seeking damages and declaratory and injunctive relief against Defendants for the mishandling and confiscation of his personal property when he was transferred to the special housing unit within the communications management unit. Plaintiff brings his claims pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) (allowing suits against federal employees for violations of constitutional rights), and various provisions of Illinois state law. (Doc. 1-1, p. 5).

    Defendants removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall

Act," 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). In the Notice of Removal, Defendants move to substitute the United States of America as Defendant. Plaintiff raised no objections to the removal or to the substitution request. As discussed below, the Court finds that removal is proper.

Plaintiff's Complaint is also subject to preliminary review under 28 U.S.C. § 1915A. *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A). Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

In the Complaint, Plaintiff alleges that around May 28, 2021, he was placed in the special housing unit (SHU) of the communications management unit (CMU) for allegedly threatening a religious services staff member. (Doc. 1-1, p. 5-6). Plaintiff claims that Defendants did not follow proper procedures in packing, securing, and inventorying his personal property prior to his transfer to the SHU. In the SHU, Plaintiff was not provided with any of his personal property, despite federal regulations allowing inmates to possess certain property while in administrative detention. When Plaintiff requested access to his personal property and to be allowed to inventory the property, his requests were denied by Sproul, Hill, LeClair, Davis, Wallace, and Crawford.

When Plaintiff was released from the SHU in June, several items of his personal property were missing. (Doc. 1-1, p. 7). The missing property composed mostly of food items. Plaintiff later discovered that the correctional officers who had packed up his property had eaten his food items.

Plaintiff also found out that this is a long-standing policy of officers in the CMU, and the policy has been condoned by Sproul, LeClair, Davis, Wallace, and Hill.

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following claims in this pro se action:

**Count 1:** Fifth Amendment claim against Hill, Sproul, LeClair, Davis, Wallace, Crawford, Von Blanckensee, Nelson, Pattios, Noland, Winter, and Knutson for violating Plaintiff's right to equal protection by denying him access to his personal property.

**Count 2:** *Bivens* claim for injunctive relief against Hill, Sproul, LeClair, Davis, Wallace, and Crawford to enjoin them from failing to inventory an inmate's property in the inmate's presence when the inmate is placed in the SHU and ordering Hill, Sproul, LeClair, Davis, Wallace, and Crawford to provide inmates with the personal property allowed by federal regulation.

**Count 3:** Illinois state law claim for civil conspiracy claim against Hill, Sproul, LeClair, Davis, Wallace, Crawford, Von Blanckensee, Noland, Siereveld, Knutson, Winter, Pattios, and Nelson.

**Count 4:** Illinois state law claim for negligence against Hill, Sproul, LeClair, Davis, Wallace, and Crawford.

**Count 5:** Illinois state law claim for a writ of replevin.

**Count 6:** Illinois state law claim for detinue against Hill, Sproul, LeClair, Davis, Wallace, and Crawford.

**Count 7:** Illinois state law claim for conversion against Hill, Sproul, LeClair, Davis, and Wallace.

**Count 8:** Illinois state law claim for trespass to chattels against Hill, Sproul, LeClair, Davis, and Wallace.

**Count 9:** Illinois state law claim for intentional infliction of emotional distress against Defendants.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequate pled under the *Twombly* pleading standard.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court further dismisses with prejudice any claims or requests for relief that Plaintiff is attempting to assert on behalf of other inmates. Plaintiff is only entitled to assert his own rights. *See Massey v. Helman,* 196 F. 3d 727, 739-40 (7th Cir. 1999) (a litigant "cannot assert the legal rights of a third party"). Accordingly, the only harms the Court considers are the ones that specifically befell Plaintiff; the Court will not consider harm or injury that occurred to other inmates at USP Marion.

### REMOVAL AND SUBSTITUTION

Defendants removed the case to this Court pursuant to the Westfall Act, 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

The Westfall Act grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See Osborn v. Haley,* 549 U.S. 225, 230 (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* (quoting 28 U.S.C. §2679(b)(1)(2)). Upon such certification, the civil action shall be removed to the federal district court "embracing the place in which the action or proceeding is pending…and the United States shall be substituted as the party defendant." *See Osborn v. Haley,* 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The FTCA then governs the tort claim.

Section 1442(a)(1) governs removal of claims against officers of the United States who are sued in their individual or official capacity for acts under color of such office or in the performance of such duties. This statute also provides for removal to the federal district court embracing the place where the civil action is pending. 28 U.S.C. § 1442(a)(1).

The Court finds that the case has been properly removed pursuant to 28 U.S.C. § 2679 and

28 U.S.C. §1442(a)(1) to this federal jurisdiction. The Southern District of Illinois includes Williamson County, Illinois, where Plaintiff filed his state case. This action involves seven Illinois tort claims against Defendants, and Defendants have provided the proper certification showing that they were Bureau of Prisons employees acting within the scope of their federal employment at the relevant times described in Plaintiff's Complaint. (Doc. 1-2).[2] Accordingly, the United States will be substituted in place of the individual defendants for Counts 3, 4, 5, 6, 7, 8, and 9, Plaintiff's state law claims, and these Counts will proceed against the United States under the FTCA.

Furthermore, Counts 1 and 2, brought pursuant to *Bivens*, were properly removed to this Court under the federal officer removal statute, Section 1442(a)(1), as both claims stem from allegations of misconduct by federal officers while they were acting under the color of their office or in the performance of such duties.

## MERIT REVIEW

Now that the Court has determined that removal is proper, the claims are subject to review pursuant to 28 U.S.C. § 1915A. The Court will take each count in turn.

### Count 1

Plaintiff is seeking damages under *Bivens* for violations of the Equal Protection Clause of the Fifth Amendment. (Doc. 1-1, p. 7). He appears to be asserting a "class-of-one equal protection claim," alleging that Defendants intentionally treated him differently in denying him access to his personal property than other inmates in the SHU and that there was "no rational basis for the difference in treatment." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (internal

---

[2] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting within the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1-2).

quotations and citations omitted).

There is no Congressional authority to award damages to "plaintiffs whose constitutional rights [have been] violated by agents of the Federal Government." *Ziglar v. Abbasi,* 582 U.S. 120 (2017). In *Bivens*, however, the Supreme Court recognized an implied action for damages to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* Since this decision, the Supreme Court has recognized only two other instances in which an implied damages remedy under *Bivens* is available for a constitutional deprivation – a Fifth Amendment sex discrimination claim and an Eighth Amendment claim for denial of medical care for a serious medical condition. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green,* 446 U.S. 14 (1980). Recent cases have declined to extend a *Bivens* remedy to any other contexts and stated that further expansion of Bivens is a "disfavored judicial activity." *Ziglar,* 582 U.S. at 135 (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). First, a court asks whether the case presents a new *Bivens* context, *i.e.*, whether it is meaningfully different from the three cases in which the Supreme Court previously implied a damages action. *Ziglar*, 582 U.S. at 138-140. Second, if a claim arises in a new context, the court must consider whether any "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id.* If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez*, 140 S. Ct. at 743.

The Court finds that Plaintiff's equal protection claims involves a new *Bivens* context. As mentioned above, the only time the Supreme Court has approved a *Bivens* cause of action arising from the Fifth Amendment was in *Davis v. Passman*. In that case, a female employee brought a gender-based employment discrimination claim against a Congressman. *See Davis,* 442 U.S. at 230-31. It is clear that the claim in *Davis* is different in meaningful ways from Plaintiff's claim here, which involves a federal inmate and denial of access to his property based on a "class-of-one" theory. *See Ziglar,* 582 U.S. at 135; *Hernandez,* 140 S. Ct. at 743 ("[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized").

Furthermore, a special factor exists counseling against the expansion of *Bivens*. Plaintiff, as a federal inmate, has an avenue of relief through the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. §542.10 *et seq.* Through this alternative remedial structure, Plaintiff could seek "formal review an issue relating to any aspect of his[] own confinement." 28 C.F.R. §542.10(a). The Supreme Court has directed that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert,* 142 S. Ct. at 1804 (internal citations and quotations omitted). Whether or not the Administrative Remedies Program provided Plaintiff with the relief he sought is irrelevant to the Court's analysis, as "the question of whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." *Id.* at 1807. Accordingly, the Court finds that the Administrative Remedy Program forecloses a *Bivens* claim for the allegations in Count 1, and his equal protection claim is dismissed with prejudice.

**Count 2**

Plaintiff seeks an injunction under *Bivens* that would ensure Defendants Hill, Sproul,

LeClair, Davis, Wallace, and Crawford inventory an inmate's property in the inmate's presence when the inmate is put in the SHU and that would order Defendants to provide inmates with the personal property allowed by administrative rule. Plaintiff also states he seeks damages against Defendants in their official capacities under *Bivens*.

Count 2 is also dismissed. *Bivens* claims are brought against officials in their individual capacities, and such claims are for money damages. *Bunn v. Conley,* 309 F.3d 1002, 1009 (7th Cir. 2002); *Yeadon v. Lappin,* 423 F. App'x 627, 629 (7th Cir. 2011). Furthermore, as mentioned, Plaintiff does not have standing to seek prospective injunctive relief on behalf of other inmates. As he does not seek injunctive relief for himself regarding a continuing violation or adverse effect, Plaintiff's claim for injunctive relief, as pled under *Bivens*, is dismissed with prejudice. *See Schirmer v. Nagode,* 621 F.3d 581, 585–86 (7th Cir. 2010); *O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974).

### Counts 3-9

Counts 3 through 9, brought pursuant to the FTCA, are also dismissed. The claims in these Counts arise from allegations that Defendants failed to ensure that Plaintiff had access to his property while he was in the SHU and then failed to return all his property to him upon his release. The FTCA, however, exempts from the sovereign immunity waiver claims arising from the detention of property by law enforcement officers. Specifically, Section 2680(c) provides in part:

> Any claim arising in respect of the assessment of collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law officer ...

28 U.S.C. § 2680(c). The Supreme Court has held that the term "law enforcement officers" includes officers of the Federal Bureau of Prison. *Ali v. Federal Bureau of Prisons,* 552 U.S. 214 (2008). Accordingly, Plaintiff cannot bring claims against the United States for the deprivation of his property under the FTCA, and Counts 3-9 are dismissed with prejudice. *See Parrot v. United*

*States,* 536 F.3d 629, 635-36 (7th Cir. 2008) (dismissing FTCA claim brought by prisoner alleging that BOP negligently mishandled his property during his transfer to a new facility). *See also United States v. Smith*, 499 U.S. 160, 166 (1991) (holding that the FTCA is "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability"); *Hogan v. Blair,* No. 13-cv-509-GPM, 2013 WL 3454038, at *1 (S.D. Ill. July 9, 2013) (holding that the plaintiff's claim of damages for the destruction of his property was not available under the FTCA at preliminary review); *Johnston v. Hoogland,* Nol. 17 C 6183, 2017 WL 11500972, at *2 (N.D. Ill. Sept. 26, 2017) (dismissing at screening a conversion claim under the property exception of the FTCA).

## LEAVE TO AMEND

Although it does not seem likely that Plaintiff will be able to state a successful claim for relief, the Court will allow Plaintiff an opportunity to amend his complaint. If the Court does not receive an amended complaint by the deadline the Court sets, the Court will dismiss the case for failure to state a claim and Plaintiff will incur a strike under 28 U.S.C. § 1915(g). If after reading this Order Plaintiff decides he does not want to proceed with the lawsuit, he may notify the Court (before the deadline to amend) that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. §1915A.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 19, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims.

FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **June 19, 2023**, Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00055-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2023**

                                                  *s/Stephen McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**